Case 4:13-cv-00816-A Document 12 Filed 02/13/14 Page 1 of 7 PageID 62

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 13 2014

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHIDIEBERE SARAH OTI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-816-A |
| | § | |
| GREEN OAKS SCC, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is a motion filed by defendants Mark McKenzie ("McKenzie"), John Heller ("Heller"), and Andrew Kerr ("Kerr") to dismiss on the ground that plaintiff, Chidiebere Sarah Oti, has failed to allege any claim against any of them upon which relief may be granted. The court has concluded that such motion has merit, and that the claims against McKenzie, Heller, and Kerr should be dismissed.

I.

Plaintiff's Complaint

The defendants named in plaintiff's complaint are Green Oaks SCC, LLC d/b/a Green Oaks Nursing Rehab Senior Care Centers and Senior Care of Green Oaks ("Green Oaks"), and McKenzie, Heller, and Kerr. The action is brought pursuant to the Fair Labor

Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). Plaintiff describes her claim as follows:

> Green Oaks failed and refused to pay all wages due to Ms. Oti. Specifically, to date Green Oaks has failed to pay Ms. Oti all wages earned, including overtime. Ms. Oti worked in excess of 40 hours per week the entire time that she worked for Green Oaks Nursing and never received any overtime compensation for the hours worked beyond 40 hours per week.

Compl. at 3, ¶ 11.

The only facts alleged in the complaint directed specifically to McKenzie, Heller, or Kerr are the allegations at the beginning of the complaint that identify McKenzie as the president and chief executive officer of Green Oaks, Heller as the vice president of Green Oaks, and Kerr as the chief financial officer of Green Oaks. Id. at 1-2, ¶¶ 3-5. From that point forward, plaintiff from time to time uses the word "defendants" in her allegations without distinguishing one defendant from the other and without providing any specific information as to the relationship between McKenzie, Heller, or Kerr, on the one hand, and plaintiff, on the other, other than to state the conclusory allegation that "Defendants are all employers as defined in the FLSA, 29 U.S.C. § 203(d)." Id. at 3, ¶ 15.

II.

<u>The Grounds of the Motion, and Plaintiff's Response</u>

The movants note in their motion that plaintiff makes no factual allegations relative to any of them other than to allege their respective official capacities with the corporate defendant and to make the broad conclusory allegation that all defendants are employers as defined in the FLSA. The movants maintain in their motion that the conclusory allegations in the complaint are insufficient to satisfy plaintiff's pleading obligations under Rule 8(a)(2) of the Federal Rules of Civil Procedure, as those obligations have been defined by the Supreme Court, with the consequence that the complaint should be dismissed as to the movants because of the failure of the complaint to state a claim against any of the movants upon which relief may be granted.

Plaintiff's response, in a sense, provides support to the motion to dismiss, stating, <u>inter alia</u>, that:

> For purposes of the FLSA, determination of employee status focuses on economic reality and economic dependence. <u>Watson v. Graves</u>, 909 F.2d 1549, 1553 (5th Cir. LA. 1990). The "economic reality" test includes inquiries into whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. <u>Id.</u>

Br. in Support of Resp. at 2-3. Plaintiff fails to provide in her response or supporting brief any suggestion as to where in

3

her complaint she has alleged those facts that she indicates in her brief are essential to the establishment of an "employer" status under the FLSA.

### III.

### Analysis

A. <u>Standard to be Applied in Ruling on a Motion to Dismiss for Failure to State a Claim</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests, <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Id.</u> at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679

(2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B.  Applying the Standard to the Allegations of Plaintiff's Complaint

In Gray v. Powers, the Fifth Circuit reiterated the test that must be applied to determine whether an individual is an employer within the meaning of the FLSA, explaining that to make such a determination "the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." 673 F.3d 352, 355 (5th Cir. 2012) (internal quotation marks omitted).

5

Apropos to the instant action, the Fifth Circuit added in <u>Gray</u> that "[i]n cases where there may be more than one employer, this court must apply the economic realties test to each individual or entity alleged to be an employer and each must satisfy the four part test." <u>Id.</u>

The defendant in <u>Gray</u>, Powers, was one of the owners of the limited liability corporation for which the plaintiff in <u>Gray</u> was employed. The plaintiff argued that "as a member and officer of [the limited liability corporation], Powers inherently had the power to fire him." <u>Id.</u> at 355. The Fifth Circuit disagreed, explaining that:

> Lacking specific facts that Powers played a role in hiring or firing lower-level employees, Appellant asks this court to infer such authority based on Power's position as a member and officer of PEG. Appellant cites several cases in which officers and shareholders of corporations have been held liable as FLSA employers. Each case, however, involves defendants who exerted actual operational control from which a fact finder could infer power to hire and fire. The common theme throughout these cases is that employer status may be appropriate where operational control coincides with one's position as a shareholder, officer, or owner. The cases do no suggest, however, that merely being an officer or shareholder subjects an individual to FLSA liability.

<u>Id.</u> at 355-56 (footnotes omitted).

Absent any allegation in plaintiff's complaint that McKenzie, Heller, or Kerr possessed the power to hire and fire the employees of the limited liability corporation or that any of

6

them supervised or controlled employee work schedules or conditions of employment or determined the rate and method of payment or maintained employment records, the court cannot infer from the allegations of the complaint that plaintiff's claim of a right to relief against the movants as employers is plausible. Therefore, the court concludes that plaintiff has failed to state a claim against McKenzie, Heller, or Kerr upon which relief may be granted.

IV.

Order

Therefore,

The court ORDERS that the motion of McKenzie, Heller, and Kerr to dismiss be, and is hereby, granted and that all claims asserted by plaintiff against those defendants be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

SIGNED February 13, 2014.

_____
JOHN McBRYDE
United States District Judge