IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 3 2015

CLERK, U.S. DISTRICT COURT
By_____
Deputy

CHIDIEBERE SARAH OTI,             §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   NO. 4:13-CV-816-A
                                  §
GREEN OAKS SCC, LLC, ET AL.,      §
                                  §
          Defendants.             §

MEMORANDUM OPINION
and
ORDER

Came on for consideration in the above-captioned action the

motion for summary judgment filed by defendant, Green Oaks, SCC

LLC d/b/a Senior Care of Green Oaks ("Green Oaks"). No response

was filed. Having now considered all of the parties' filings,

the entire summary judgment record, and the applicable legal

authorities, the court concludes that defendant's motion for

summary judgment should be granted.

I.

Background

Plaintiff initiated this action by filing her complaint on

October 7, 2013. Plaintiff pleaded that defendant: (1) failed to

pay overtime in accordance with the Fair Labor Standards Act

("FLSA"), (2) violated the FLSA,[1] and (3) retaliated in violation of the FLSA.[2]

## II.

### The Summary Judgment Motion

Defendant argued for summary judgment on the grounds that it is entitled to judgment as a matter of law because all of plaintiff's claims lack merit.  First, defendant argued that plaintiff's claim for unpaid overtime fails because plaintiff (a) cannot establish that she performed work for which she was not properly compensated, (b) she cannot demonstrate that defendant knew she was working overtime, and (c) defendant's time records and pay records negate the reasonableness of inferences based on her alleged evidence.  Second, defendant argued plaintiff's claim for unpaid, missed meal breaks fails because (a) such cause of action was not pleaded, (b) to the extent that her claim does not implicate minimum wage or overtime violations, she fails to state a claim under the FLSA, and (c) she cannot establish she worked uncompensated overtime or that defendant knew or should have known of such overtime.  Third, defendant argued that plaintiff

---

[1]This cause of action seems to differ from the first insofar as it is brought on behalf of those similarly situated.

[2]Plaintiff's complaint also alleges that she was discriminated against in terms of the conditions of her employment, because she is African.  However, no cause of action is pleaded based on this allegation.

2

cannot establish a cognizable claim of retaliation because (a)
she failed to establish a prima facie case of retaliation by not
showing a causal connection between her engagement in protected
activity and her termination, and (b) even if there is a fact
issue as to such prima facie case, defendant set forth a
legitimate, non-retaliatory reason for plaintiff's termination,
and she cannot establish that such reason is pretext.  Lastly,
defendant argued plaintiff is not entitled to back pay or front
pay, because she rejected an unconditional offer of
reinstatement.

III.

## Undisputed Facts Pertinent to the Motion for Summary Judgment

The following is an overview of evidence pertinent to the
motion for summary judgment that is undisputed in the summary
judgment record:

Plaintiff began her employment with defendant as a part-time
licensed vocational nurse at Green Oaks.  On or about October 22,
2012, she became a full-time employee.  She continued to work
there until her termination on March 25, 2013.  During her tenure
at Green Oaks, plaintiff made several complaints regarding lack
of overtime pay and missed breaks.  It is unclear how many such
complaints she made, however her deposition testimony was that
around May of 2012, she complained to "Sandra" who referred her

to "Pat."  Then, sometime later, she complained to "Tandy" and "Maureen."  Lastly, she complained to Kim Dimes ("Dimes") sometime in early 2013.

On or about March 25, 2013, plaintiff had a telephone conversation with Dimes regarding her hallway assignment. Plaintiff had been promised a move to a new hallway, but Dimes stated she was still needed on the "Medicare Hallway." Apparently the conversation became heated, and plaintiff refused to continue working on that hallway and threatened to report Dimes for taking patient charts home in violation of facility rules.  Plaintiff was then terminated for insubordination (as well as an allegation of assault which was later determined to be uncorroborated) on March 29, 2013.

Shortly after her termination, plaintiff was contacted by Marina Zuza, the Regional People Strategy Manager at the time, who allegedly told plaintiff she was wrongfully terminated and offered her the opportunity to return to her former position.

IV.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  <u>Id.</u> at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case.  <u>Id.</u> at 324; <u>see also</u> Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").  "Unsubstantiated assertions of an actual dispute will not suffice."  <u>Thomas v. Price</u>, 975 F.2d 231, 235 (5th Cir. 1992).  If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986).

5

V.

Analysis

A.   Plaintiff's Claim for Unpaid Overtime under the FLSA

Plaintiff's complaint states that she was not paid for a
number of overtime hours.  In her deposition, plaintiff estimated
the number of hours she worked overtime in 2011, 2012, and 2013.
Def.'s App. at 81-82.  However, plaintiff acknowledged that she
was just guessing as to these numbers.  Id. at 80.  Plaintiff
also testified that none of her overtime in 2012 was off the
clock and therefore should be reflected in her time sheets,
though some of the hours in 2013 may have been off the clock.
Id. at 177-178.

In order to carry her burden, plaintiff must prove that
"[she] has in fact performed work for which [she] was improperly
compensated and if [she] produced sufficient evidence to show the
amount and extent of that work as a matter of just and reasonable
inference."  Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680,
687 (1946). The employer then must carry its burden by submitting
either  "evidence of the precise amount of work performed . . ."
or evidence which negates "the reasonableness of the inference to
be drawn from the employee's evidence."  Id. at 687-688.
Therefore, initially plaintiff must "produce[] sufficient
evidence to show the amount and extent of that work as a matter

6

of just and reasonable inference." Id. at 688.  In Harvill v.
Westward Commc'ns, LLC, 433 F.3d 428, 441 (5th Cir. 2005), the
Court of Appeals for the Fifth Circuit upheld a district court's
grant of summary judgment on plaintiff's claim that she was not
paid for 210 hours of overtime in violation of the FLSA.  Id.  In
affirming the grant of summary judgment, the Court noted that
plaintiff "offered no factual allegations at all to substantiate
her claim, and she presented no evidence of the amount or the
extent of hours she worked without compensation.  Moreover, she
presented no evidence that [defendant] was aware that she worked
overtime hours without compensation." Id.  Such is the case
here.  Aside from plaintiff's admitted guess as to how many
overtime hours she worked, she has produced no factual
allegations as to when those hours were worked, what work was
accomplished, or for how many of those hours she was not paid.
Furthermore, she can point to no records which under report her
time.  Because plaintiff has provided the court with no factual
allegations in support of her claim that she was not paid for
overtime hours under the FLSA, summary judgment must be granted
as to that claim.

B.   Plaintiff's Gap-Time Claim for Unpaid, Missed Meal Breaks

        During her deposition, plaintiff testified about a number of
missed meal breaks that went uncompensated.  She stated that she

7

made several complaints to various members of Human Resources
about those missed meal breaks.  Def.'s App. at 27-28, 32-34.
Defendant addressed this potential cause of action in its motion;
however, plaintiff's complaint makes no allegations regarding
missed meal breaks, nor does it state a cause of action for such.
Therefore, that claim is not properly before the court.

C.   <u>Plaintiff's Retaliation Claim</u>

Plaintiff's complaint states she was wrongly terminated in
retaliation for her complaints about not receiving overtime pay
when she worked more than forty hours per week.

In order to establish retaliation under the FLSA, plaintiff
"must first make a <u>prima facie</u> showing of (1) participation in
protected activity under the FLSA; (2) an adverse employment
action; and (3) a causal link between the activity and the
adverse action."  <u>Hagan v. Echostar Satellite, L.L.C.</u>, 529 F.3d
617, 624 (5th Cir. 2008).  If this burden is met, "the defendant
must then articulate a legitimate, non-discriminatory reason for
its decision."  <u>Id.</u>  Once defendant does so, plaintiff must
"demonstrate that the proffered reason is a pretext for
discrimination."  <u>Id.</u>  This test is referred to as the McDonnell
Douglas burden-shifting framework.  <u>Id.</u>  It was originally a
Title VII case, but has been applied in cases of retaliation
under the FLSA, and therefore Title VII precedent is instructive.

Id.  Defendant's motion argued that plaintiff failed to prove a prima facie case of retaliation because she presented no evidence of causation, and, even assuming she did, she failed to demonstrate the defendant's legitimate, non-retaliatory reason for terminating her was pretext.

Because of the generic nature of the complaint and plaintiff's apparent confusion during her deposition, the nature of her retaliation complaint is not entirely clear.  Plaintiff's deposition testimony mentions having complained about uncompensated overtime to "Sandra," "Pat," "Tandy," "Maureen," "Glynn Brown," and then "Kim."  Def.'s App. at 27-28, 32-34. Such complaints are presumably the protected activity required by the prima facie case.[3]  Plaintiff's termination, of course, was the adverse employment action.

Plaintiff's burden in showing a "causal link" "in prong three of the [prima facie] case for retaliation is not as stringent as the 'but for' standard." Evans v. City of Houston, 246 F.3d 344, 354 (5th Cir. 2001).  However, plaintiff has presented no evidence of a causal connection between the protected activity and the adverse employment action whatsoever. "Close timing between an employee's protected activity and an

---

[3]Defendant, for the purpose of this motion, does not challenge that plaintiff made complaints which are considered protected activities under the FLSA.

adverse action against [her] may provide the 'causal connection' required to make out a prima facie case of retaliation." <u>Id.</u> (edits in original).  Plaintiff believes that "Tandy," "Pat," and "Glynn Brown" were the decision makers in her termination, but plaintiff makes no allegations that her complaints to them were in close proximity to the date of her termination.  Arguably, her complaint to Dimes in early 2013 was close enough in proximity to support an inference of causation, but Dimes was not involved in the decision to terminate her, aside from being the one to report plaintiff for insubordination.  Plaintiff has provided no evidence of retaliation other than her unsubstantiated assertion that her termination was caused by her complaints.  Therefore, summary judgment should be granted as to this claim.

VI.

<u>Order</u>

Therefore,

The court ORDERS that Green Oak's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action brought by plaintiff against Green Oaks, be, and are hereby, dismissed with prejudice.

SIGNED January 23 2015.

JOHN McBRYDE
United States District Judge

10